IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

OCT 2 2 2018

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| SIGNAL PEAK ENERGY, LLC<br><br>Plaintiff,<br><br>vs.<br><br>GENERON IGS, INC; SULLAIR, LLC; POWER SERVICE, INC.; JOHN DOES 1-10,<br><br>Defendants. | CV 17-66-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed August 3, 2018. (Doc. 30). Judge Cavan recommends this Court grant Defendant Sullair's motion to dismiss Plaintiff Signal Peak Energy's complaint and Defendant Generon's crossclaim for lack of personal jurisdiction. (Doc. 30 at 18).

I.  **Standard of review**

Generon timely objected to Judge Cavan's findings and recommendation. (Doc. 30). Generon is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which it properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

Signal Peak did not object. When a party does not object, this Court reviews the Magistrate's Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). After reviewing the Findings and Recommendation, this Court does not find that the Magistrate committed clear error with regard to its specific jurisdiction analysis.

When a defendant moves to dismiss a claim for lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013) (internal citations omitted). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court's duty is to inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction, accepting the plaintiff's allegations as true. *Schwarzenegger*, 374 F.3d at 800. Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true.

2

Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800.

## II. Defendants' objections

The procedural and factual history contained in Judge Cavan's findings and recommendation is not objected to and is adopted in full.

Generon objects to Judge Cavan's recommendation to deny Generon jurisdictional discovery on the issue of general personal jurisdiction.

## III. Discussion

Generon argues it should be permitted jurisdictional discovery to find out whether Sullair may be subject to general jurisdiction in Montana. Judge Cavan recommended against jurisdictional discovery. The Court agrees with Judge Cavan.

Where material jurisdictional facts are disputed, the district court has discretion to permit discovery to resolve factual issues. *Bunch v. Lancair Int'l*, 202 P.3d 784, 799 (Mont. 2009) (citing *Minuteman Aviation Inc. v. M.R. Swearingin*, 772 P.2d 305, 308-09 (Mont. 1989)); *Data Disc Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1280 (9th Cir. 1977). In granting jurisdictional discovery, the trial court has broad discretion. *Data Disc*, 557 F.2d at 1285 n.1. Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of

the facts is necessary." *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inc., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quotations and citations omitted).

The Supreme Court has articulated two types of jurisdiction a court may exercise over an out-of-state defendant: specific and general. Only general jurisdiction is at issue here. A court may assert general jurisdiction over out-of-state corporations to "hear any and all claims against them" when their affiliations with the forum State are so "continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations and citation omitted). Generally, corporations are only found "at home" in their place of incorporation and principle place of business because those are the two places where they have sufficiently continuous and systematic operations. *Daimler*, 571 U.S. at 137. However, in an "exceptional case," a corporation's operations in another State "may be so substantial and of such a nature as to render the corporation at home" in that State. *Daimler*, 571 U.S. at 138 n. 19. The inquiry does not focus solely on the corporation's contacts with the State in question, but rather "calls for an appraisal of a corporation's activities in their entirety." *Daimler*, 571 U.S. at 139 n. 20.

Few cases will qualify as the exception to the rule. In *BNSF Ry. Co. v. Tyrrell*, the Supreme Court held BNSF's operations were not so "substantial" to

render it at home Montana, despite BNSF having over 2,000 miles of railroad track and more than 2,000 employees in Montana. 137 S.Ct. 1549, 1559 (2017). In contrast, in *Perkins v. Benguet Consol. Mining Co.*, the Supreme Court held the corporation was at home in Ohio because, due to war, it moved its entire operating base to Ohio, which became "the center of the corporation's wartimes activities." *Tyrrell*, 137 S.Ct. at 1558 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-448 (1952) and *Daimler*, 571 U.S. at 129 n. 8).

Here, Generon argues that because Sullair occasionally sells its products to independent distributors and retail centers in Montana, jurisdictional discovery is appropriate to see if the activity can establish general jurisdictional in Montana. Generon does not allege Sullair has any other connection to Montana other than occasional sales. *Tyrell*, *Daimler*, and *Perkins* require significantly more than occasional sales to the forum state before a corporation may be found at home there. Jurisdictional discovery is therefore inappropriate because there are no material jurisdictional questions of fact to resolve. *Butcher's Union*, 788 F.2d at 540.

IV. **Conclusion and order**

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 30) are adopted in full;

5

2. Generon's objections (Doc. 33) are overruled;

3. The motion to dismiss Signal Peak's complaint (Doc. 13) is granted;

4. The motion to dismiss Generon's crossclaim (Doc. 20) is granted.

DATED this 22nd day of October, 2018.

_____
SUSAN P. WATTERS
United States District Judge